IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON R. SIMPSON, | CASE NO. CV-F-03-6730 REC WMW HC |
| Petitioner, | ORDER REQUIRING FURTHER BRIEFING FROM RESPONDENT |
| RAYMOND ANDREWS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This case proceeds on Petitioner's Amended Petition filed April 29, 2004.

Petitioner contends that the Federal Bureau of Prisons and Mr. Andrews, in his capacity as Warden of Taft Correctional Institution, erred in denying a one-year sentence reduction from Petitioner's projected release date pursuant to 28 U.S.C. Section 3621(e)(2)(B).  Petitioner claims that contrary to the finding of the Bureau of Prisons, he was not convicted of robbery, but rather of aiding and abetting in a robbery in the second degree, a nonviolent offense.  He further claims that the reassessment of his eligibility for early release is impermissible because it disrupted his settled expectations.  See Bowen v. Hood, 202 F.3d 1211 (9th Cir. 2000); Curt v. Crabtree, 113 F.3d 1081 (9th Cir. 1997).

In regard to Petitioner's claim that the reassessment of his release date was illegal because it

disrupted his settled expectations, Respondent argues that <u>Bowen</u> and <u>Curt</u> are distinguishable. <u>Bowen</u> involved a modification to Program Statement 5330.10, to exclude inmates from a Section 3621(e) sentence reduction based on possession of a firearm. The issue there was the legality of applying this new exclusion to prisoners who were already in the program. <u>Curt</u> involved the retroactive application of a new limitation on what constitutes a "nonviolent offense" under Section 3621(e) to exclude unarmed robbery. Respondent argues that no such changes in policy are implicated in this case

To support his argument, Respondent provides the declaration of Elizabeth De Silva, to which he attaches a copy of a U.S. Department of Justice document dated October 9, 1997, the purposes of which is to "transmit changes fo PS 5330.10, Drug Abuse Programs Manual, Inmate." Respondent argues that this document shows that, "the adult conviction of a prior violent crime conviction [sic], specifically an adult conviction of robbery, has always prohibited an inmate from being eligible under Section 3621(e)." The document, however, provides no information regarding the state of the regulations before it was enacted on October 9, 1997. It appears from the Table of Changes that the entirety of Chapter Six was replaced at that time. Therefore, the court is unable to discern whether the prior version(s) of Chapter Six of the Drug Abuse Programs Manual provided that an adult conviction of robbery always prohibited an inmate from being eligible under Section 3621(e). Accordingly, the court finds it necessary to order further briefing from Respondent on this issue.

Additionally, in his traverse, Petitioner raises an issue regarding the definition of "prior conviction," and possible changes in that definition. The questions raised here is what definition of "prior conviction" applies to Petitioner's case, in light of the apparent fact that his robbery conviction was subsequent to the conviction for which he is presently incarcerated. Further briefing from Respondent is need on this issue also.

Accordingly, it is HEREBY ORDERED that within thirty (30) days of the date of service of this order, Respondent shall provide further briefing on the two issues identified above. Respondent shall provide declarations as required, including copies of relevant chapters of earlier additions of the Drug Abuse manual. Petitioner is GRANTED thirty (30) days thereafter to respond to Respondent's briefing.

IT IS SO ORDERED.

**Dated:    April 24, 2006**              /s/  William M. Wunderlich

2

| | |
|---|---|
| mmkd34 | UNITED STATES MAGISTRATE JUDGE |